

**SIGNED THIS 3rd day of December, 2019**

**THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.**

Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JACOB ANTHONY WRIGHT | ) | CHAPTER 7 |
| LISALYN MERRITT WRIGHT, | ) | |
| | ) | |
| Debtors. | ) | CASE NO. 19-71163 |

| | |
|---|---|
| LISALYN MERRITT WRIGHT, ) |
| Movant, ) |
| ) |
| v. ) |
| ) |
| EDDY ABDELMESSIH ) |
| Respondent. ) |

## MEMORANDUM OPINION

This matter comes before the Court on a Motion for Contempt for Violation of Automatic Stay (Docket No. 11) (the "Contempt Motion") filed on October 22, 2019 by the female debtor, Lisalyn Merritt Wright ("Wright") against the Respondent, Eddy Abdelmessih ("Abdelmessih"). An evidentiary hearing was conducted on November 7, 2019. At the evidentiary hearing, Jack David Merritt (Wright's father), Wright, and Abdelmessih each testified. At the conclusion of the hearing, the Court took the matter under advisement.

1

## FINDINGS OF FACT

Jacob Anthony Wright and Lisalyn Merritt Wright (the "Debtors") filed a joint voluntary petition under Chapter 7 of the United States Bankruptcy Code on August 29, 2019. On September 16, 2019, Abdelmessih filed a Warrant in Debt against Wright in the Washington County, Virginia General District Court alleging a $2,000.00 claim, plus costs. Ex. A, Docket. No. 19. Although not mentioned in the Warrant in Debt, the claim is rooted in money that went missing from Abdelmessih's backpack while he was at Wright's residence. At the hearing on November 7, 2019, Wright testified that on or about February 2019, she and Abdelmessih were out for the evening while her niece and niece's boyfriend were watching Wright's children.[1] She further testified that the next morning Abdelmessih told her that $2,000.00 was missing from his backpack and that Abdelmessih blamed Wright's niece for the missing money. Abdelmessih testified that Wright wrote him a check for $2,000.00 two to three days after the money went missing. Wright testified that she wrote the check because Abdelmessih was so agitated over the missing money; however, she testified that she did not write Abdelmessih's name on the check and that Abdelmessih knew that she had no intentions of paying the money. Abdelmessih attempted to deposit the check several times, but there was not enough money in the account to pay it. It is presumably for the check that Abdelmessih was unable to cash that he filed the Warrant in Debt.

Despite Abdelmessih's repeated efforts to get paid, Wright failed to list Abdelmessih as a creditor on her schedules or mailing matrix when she filed her petition in this case. However, on September 26, 2019, the Debtors filed an amendment to the schedule of creditors adding Abdelmessih as a creditor with a claim of $2,000.00. (Docket No. 7). The amendment included

---

[1] Wright and her co-debtor husband appear to have been estranged at the time.

a certification that a copy of the amendment was mailed on September 26, 2019 to Abdelmessih, along with the Notice of Bankruptcy and notice of meeting of creditors (Docket No. 9). Wright testified that after adding Abdelmessih to the creditor matrix, she also sent him a Facebook message letting him know that she and her estranged husband had filed bankruptcy and that Abdelmessih should not contact her anymore. She further testified that Abdelmessih did not answer the Facebook message. Abdelmessih testified that Wright told him for an extended period of time that she was going to file for bankruptcy, that he did not read her Facebook messages, and that he only he learned about her bankruptcy filing when he received the notice of the meeting of creditors mailed on September 26, 2019. Abdelmessih denied knowing he was added as a creditor, and he denied receiving the amendment Wright's counsel certified was mailed to him.[2]

According to the Contempt Motion, after Abdelmessih filed suit against Wright, he refused to dismiss the suit. Contempt Mot. ¶ 6. The Contempt Motion further alleges that the Defendant made over ten calls to Wright. *Id.* Moreover, the Contempt Motion provides that on October 21, 2019, after the Defendant's suit in Washington County General District Court was dismissed, the Defendant contacted the Debtor by email stating:

> I just tried calling you. I'll keep this brief. I am @ [Highlands Union Bank] & although there is enough money in the account, I cannot cash the check for $2000 because it is past the date. That being said, I ended up here to get paperwork to file a criminal suit. The chief of police in Abingdon has agreed to sign of [sic] on the charge & I was accompanied to the magistrates office by an officer to proceed. I am letting you know this because I would like to give you the opportunity to make right on the check. If not, then I will move forward criminally & you will have to pay restitution to the court for $2000 plus any court costs. Either way, I will be

---

[2] Abdelmessih acknowledged he knew Wright was in bankruptcy when he sent the October 21, 2019 email. However, he contends that the notice of creditors' meeting he received in no way indicated he was listed as a creditor, and did not believe he was affected by it. Debtors' counsel contended his staff mailed Abdelmessih a copy of the amendment to schedules listing his name, which Abdelmessih adamantly denied. Abdelmessih testified he did not appear at the return date on the Washington County General District Court Warrant in Debt, and that court's docket reflects the case was dismissed.

> getting that money. The only difference is that you will be charged criminally & you will have a felony on your record. That means you can't vote, get a loan, etc. regardless of you filing bankruptcy. If this is not sufficient information for you then I would advise you to please call your attorney. He/she will tell you the same thing. Please respond ASAP before I take action. I don't want you to have a criminal record.

*Id.* (quotation marks omitted),

The Contempt Motion requests, in part, the following relief: "Debtor prays that this Court find that the respondent is in violation of the automatic stay, that he be required to appear in front of this Court to answer why he has willfully disregarded the automatic stay, that he be required to pay compensatory and punitive damages to the movant, in an amount sufficient to prevent him from ever violating the automatic stay again and, that he be required to pay reasonable attorney's fees for bringing this action." *Id.* at 3. Presumably, although never mentioned, the Debtor seeks relief under 11 U.S.C. § 362(k)(1). Under Section 362(k)(1), when a willful violation of the automatic stay is shown, the debtor "shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

## JURISDICTION

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

## CONCLUSIONS OF LAW

When a debtor files a bankruptcy petition it "operates as a stay, applicable to all entities, of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). "The automatic stay is a

bedrock principle upon which the Code is built; the importance of § 362 cannot be over-emphasized." *In re Seaton*, 462 B.R. 582, 591 (Bankr. E.D. Va. 2011) (citing *Grady v. A.H. Robins Co.*, 839 F.2d 198, 200 (4th Cir. 1988)). "The automatic stay is not a suggestion. The stay is a command." *Edwards v. B&E Transport, LLC (In re Edwards)*, No. 18-62164, 2019 WL 5677487, at *3 (Bankr. W.D. Va. Oct. 25, 2019).

A party seeking damages for violation of the automatic stay under Section 362(k)(1) must establish three elements: (1) "that a violation occurred," (2) "that the violation was committed willfully," and (iii) "that the violation caused actual damages." *Skillforce, Inc. v. Hafer*, 509 B.R. 523, 529 (Bankr. E.D. Va. 2014). To recover, the debtor must prove the willful violation of an automatic stay by clear and convincing evidence. *Id.* To constitute a willful violation under Section 362(k), a creditor "need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *In re Thorne*, No. 08-80022, 2008 WL 2385991, at *1 (Bankr. M.D.N.C. June 11, 2008) (citing *In re Strumpf*, 37 F.3d 155, 159 (4th Cir. 1994), *rev'd on other grounds*, 516 U.S. 16 (1995)). "Willfulness describes the intentional nature of action taken in violation of the stay, rather than the specific intent to violate the stay." *In re Banks*, 577 B.R. 659, 667 (Bankr. E.D. Va. 2017) (citing *In re Highsmith*, 542 B.R. 738, 748 (Bankr. M.D.N.C. 2015)).

In this case, the Court finds by clear and convincing evidence that the Respondent willfully violated the automatic stay of 11 U.S.C. § 362(a). Abdelmessih had notice of the bankruptcy on September 26, 2019 when he received the amendment adding him as a creditor. Significantly, the notice he admits he received provides, in part, as follows:

> **This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

5

> The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Notice of Chapter 7 Bankruptcy Case (Docket Nos. 5,6) (bold in original).

After receiving notice of the bankruptcy filing, Abdelmessih contacted Wright by email threatening to take criminal action if the she did not pay Abdelmessih $2,000.00.  Section 362(b) provides that "[t]he filing of a [bankruptcy] petition . . . does not operate as a stay . . . of the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1).  The Fourth Circuit has made it clear, albeit in a series of unpublished opinions, that the automatic stay does not apply to criminal prosecutions.  *Compare Simonini v. Bell (In re Simonini)*, 69 Fed. App'x 169, 170 (4th Cir. 2003), *with Sylvestre v. Safeway, Inc. (In re Sylvestre)*, 963 F.2d 368 (4th Cir. 1992).  However, threatening a debtor with criminal prosecution to collect a civil debt while the stay in effect is a different matter.  See *Weary v. Poteat*, 627 Fed. App'x 475, 478–79 (6th Cir. 2015) ("Yet, because the communications indisputably did not advance criminal prosecution and, therefore, do not come within the plain language of the exception; and because the communications were found to be a threat whose purpose was to induce payment, . . . they clearly ran afoul of the plain language of the automatic stay, prohibiting 'any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy] case.' 11 U.S.C. § 362(a)(6)."  Moreover, even if merely threatening the criminal prosecution were excepted from the stay, the Respondent's continued

6

calls to Wright, which he did not dispute, with knowledge the stay was in effect are sufficient to establish a willful violation of the stay.

Under 11 U.S.C. § 362(k)(1), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." "The award of actual damages is mandatory upon a finding of a willful violation of § 362." *Clayton v. King (In re Clayton)*, 235 B.R. 801, 810 (Bankr. M.D.N.C. 1998) (citations omitted). To recover damages the debtor must prove actual damages by a preponderance of the evidence, based on "concrete, non-speculative evidence." *In re Seaton*, 462 B.R. at 595.

"Courts traditionally view 'actual damages' as a broad umbrella term, including, but not limited to, lost time damages, out-of-pocket expenses, and emotional damages." *In re Ojiegbe*, 539 B.R. 474, 479 (Bankr. D. Md. 2015). Initially, Wright testified she suffered no financial harm as a result of the Respondent's actions. However, Wright did testify that she had to take a half day off work to testify in Court, and that as a hairdresser she charges $85.00 per customer. The Court will allow $170.00 in actual financial loss as actual damages.

To recover attorneys' fees under Section 362(k)(1) "such fees must be reasonable and necessary." *In re Miller*, 447 B.R. 425, 434 (Bankr. E.D. Pa. 2011). Wright testified that she did not incur any attorney's fees in connection with this action. Thus, the Court does not award any attorneys' fees.

A debtor may recover emotional distress damages under Section 362(k). *In re Ojiegbe*, 539 B.R. at 480 (citations omitted). "While claims for fleeting or trivial emotional distress are not compensable, an individual who suffers significant harm and demonstrates a causal connection between the harm and the violation of the automatic stay is entitled to be

7

compensated." *Green Tree Servicing, LLC v. Taylor*, 369 B.R. 282, 288 (Bankr. S.D. W. Va. 2007) (citations omitted).  To prove emotional distress damages, the debtor must "(1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay." *In re Seaton*, 462 B.R. at 602 (citations omitted).  In the case of *In re Hafer*, No. 13-10568-BFK, 2013 WL 5925167 (Bankr. E.D. Va. Nov. 5, 2013), the court stated "[u]nless the creditor's conduct is particularly egregious, where emotional distress harm would be readily apparent, the claimant must establish emotional distress with corroborating evidence, such as expert testimony, medical testimony, or credible testimony from non-experts such as family members." *Id.* at *6.  In the case of *In re Yankah*, No. 12-35627-KLP, 2015 WL 1331716, at *5,*7 (Bankr. E.D. Va. Mar. 20, 2015), the Court found that the debtor "failed to offer concrete evidence" of her emotional distress damages when she claimed that she "suffered interruption, annoyance, and continuing anxiety."

  Here, similar to the case of *In re Yankah*, there is insufficient evidence that Wright experienced significant emotional harm as a result of the Respondent's violation of the automatic stay.  The Contempt Motion states that the "calls and messages have caused her great emotional harm and distress, along with embarrassment."  ¶ 7.  Wright testified at the hearing that the Facebook message from Abdelmessih terrified and embarrassed her.  She also testified that she assumed she was going to be served with a warrant and arrested.  Despite this testimony, Wright failed to provide any corroborating evidence that she experienced significant emotional harm.

Thus, the Court finds that there is insufficient evidence to award Wright emotional distress damages.[3]

Under Section 362(k)(1), the Court may grant punitive damages in "appropriate circumstances." "[A]n award of punitive damages is within the discretion of the trial court and proper only in appropriate circumstances." *In re Clayton*, 235 B.R. at 811 (citations omitted). Most courts find that punitive damages are only appropriate when a violation occurs "by way of egregious or vindictive conduct." *Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 419 (Bankr. E.D. Va. 2011) (citations omitted). Abdelmessih's aggressive stance in attempting to collect the $2,000.00 by threatening criminal action and repeatedly calling Wright with full knowledge of the stay being in effect satisfies this threshold. The Court finds sufficient "egregious or vindictive conduct" in order to justify an award of punitive damages of $500.00.

## CONCLUSION

For the foregoing reasons, the Court finds that Eddy Abdelmessih is held in contempt of Court for willfully violating the automatic stay of 11 U.S.C. § 362(a). The Court further finds that Lisalyn Merritt Wright should be awarded $170.00 in actual lost time damages, plus an additional award of $500.00 in punitive damages. Failure to pay the above amounts within sixty (60) days may subject Abdelmessih to further sanctions, after notice and opportunity for a hearing.

A separate Order will be entered contemporaneously herewith.

---

[3] Wright further testified that Abdelmessih's repeated efforts to collect the missing money has ruined her relationship with her niece. However, that relationship appears to have soured long before she filed for bankruptcy.